UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MAUREECE M. BALL, | ) |
|       Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:05-CV-123-TS |
| ALLEN COUNTY JAIL, et al. | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

Maureece M. Ball, a pro se prisoner, submitted a Complaint under 42 U.S.C. § 1983. The Plaintiff sued the Allen County Jail, the Sheriff, James Herman, the Commander, Katheren Steven, and a confinement officer, Dean Ploughe. The Plaintiff alleges that he was placed in segregation without a determination of wrongdoing, he had to sleep on the floor, he was refused recreation, he does not have access to legal materials, he was hit on the leg by officer Ploughe, and his request to be moved up one level was denied.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

## I.

The Plaintiff alleges that he was placed in segregation without being charged with violating any rules and without due process. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). At the time he was placed in segregation, the Plaintiff was a pre-trial detainee on federal charges. The Plaintiff has attached documents to his Complaint showing that he was in segregation at the request of the United States Marshals Service. If any of the named defendants had, without due process, placed the Plaintiff in segregation as punishment, then he would have a claim against them. But this Complaint makes clear that they did not place him in segregation as punishment, therefore he does allege the deprivation of a federal right and does not state a claim.

## II.

The Plaintiff alleges that, on various occasions adding up to over a four month's time, he had to sleep on the floor of the Allen County Jail. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971).

> [S]everal courts in this circuit have found that the failure to provide an inmate with a bunk is not a constitutional deprivation. *See Clagg v. Fairman*, 1997 WL 136684, *2 (N.D.Ill. March 24, 1997) (citing *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.1986); *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D.Ill.1994)); *Antonelli v. Sheahan*, 863 F.Supp. 756, 760 (N.D.Ill.1994) (collecting cases), *reversed in part on other grounds*, 81 F.3d 1422, 1430 (7th Cir.1996). In fact, Magistrate Judge Cosbey of this Court in *Thomas v. Squadrito*, 98-CV-240, slip op. p. 12 (August 6, 1999) recently said as much: "the bunk the Plaintiff aspired to in the Allen County Jail is nothing more than a suspended steel platform, and this can hardly be characterized as any great improvement over a concrete floor."

*Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind.1999). Here, the Plaintiff does not specify whether sleeping "on the floor" is with, or without, a mattress, blanket, or any other means of cushioning his body. The Plaintiff's real complaint may be that he was not on an elevated bed. But

3

the Court may not assume as much. Rather, the Court must view the allegations in the Complaint as true and in the light most favorable to the prisoner. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). However, because of other deficiencies in the Plaintiff's Complaint, he can prove no set of facts in support of his claim which would entitle him to relief against the named Defendants.

The Plaintiff does not say who required him to sleep on the floor.[1] He alleges only that the violation took place at the Allen County Jail and that Sheriff Herman and Commander Stevens "have superiority" at the jail. He does not assert that Herman or Stevens were personally involved in the decision to put him on the floor and "§ 1983 does not allow actions against individuals merely for their supervisory role of others." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). The Plaintiff also names the Allen County Jail in his Complaint, but the jail is not a "person" under § 1983. It is not even a legal entity. *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N. D. Ill. 1993).

The Plaintiff's claims also fails if he intended to sue Herman and Stevens in their official capacities. In such case, the claim would be against the entity for which Herman and Stevens are agents. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992). The Court has already noted that a claim against the jail cannot be maintained. In addition, in order for a plaintiff to state a § 1983 claim against a governmental entity, he must allege the existence of a municipal policy or custom which caused the alleged violation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690–91 (1978). Municipalities cannot be held liable for § 1983 claims under a theory of respondeat superior. *Id.* at 691.

---

[1] The instruction to the form § 1983 Prisoner Complaint that the Plaintiff completed and filed warns: "It is <u>VERY IMPORTANT</u> that you use each defendant's name in describing what happened to you. If you do not write what each defendant did, the court will not know why you are suing and that defendant will be dismissed." (Comp. at 3.)

Although plaintiffs in § 1983 cases against municipalities are only required to comply with the conventional standards of notice pleading, rather than any heightened pleading standard, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165 (1993), a plaintiff must still plead the operative facts that form the basis of the claim. *See Phelan v. City of Chicago*, 125 F. Supp. 2d 870, 874–75 (N.D. Ill. 2000) (citing *McCormick,* 230 F.3d at 325)). In fact, "[b]oilerplate allegations of municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994); *see also Perkins v. Silverstein*, 939 F.2d 463, 469 (7th Cir. 1991). Here, the Plaintiff does not even include boilerplate legal conclusions in his Complaint, much less facts that, if true, would show that the Defendant acted pursuant to a municipal policy or custom.

The Plaintiff's allegation that he slept on the floor fails to state a claim upon which relief may be granted and it will be dismissed.

### III.

The Plaintiff alleges that he was denied recreation.

> A lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point where an inmate's health is threatened. *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir.1997) (inmate did not have a viable Eighth Amendment claim because he would have been able to engage in exercise in his cell such as push-ups, sit-ups, jogging in place, and stepups) (*quoting French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985). . . ; *see also Antonelli* [*v. Sheahan*], 81 F.3d [1422] at 1432 [7th Cir. 1996] (only extreme and prolonged situations where all movement is denied will amount to a constitutional violation); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir.1986) (confining all inmates to their cells twenty-four hours a day for a one-month period after a lockdown not a violation of the Eighth Amendment).

5

*Roop v. Squadrito*, 70 F. Supp. 2d 868, 875 (N.D. Ind. 1999). The Plaintiff does not allege, and based on his Complaint it would not be reasonable to infer, that he was denied any exercise. *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("[The plaintiff] claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue.").

The Plaintiff's Complaint, that he was denied the opportunity to "go to recreation" does not arise to the level of a constitutional deprivation. Therefore these claims will be dismissed.

IV.

The Plaintiff alleges that he was denied access to an adequate law library because it does not have federal legal materials. The records of this Court demonstrate that the Plaintiff is represented by counsel on his federal charges. There is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action [caused] some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Because the Plaintiff has an attorney, the absence of federal legal materials from the jail's law library does not state a claim.

V.

The Plaintiff alleges that officer Ploughe hit him in the leg with his fist when he refused to obey an order that he remove clothing from a vent.

6

In *Hudson v. McMillian*, the Supreme Court advised,

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

503 U.S. 1, 9 (1992) (citations omitted). Nevertheless, the Court went on to explain that even though contemporary standards of decency are always violated by every malicious use of force, such does not always state a federal constitutional claim:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028], 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Whitley* [*v. Albers*], 475 U.S. [312], 327.

*Hudson*, 503 U.S. at 9–10 (sources of citations and internal quotation marks omitted). The Plaintiff does not allege, and based on this Complaint it would not be reasonable to infer, that he suffered any significant injury as a result of the officer's punches to his leg. Even if it qualifies as a state law claim for battery, this was a de minimis use of force not actionable as a Constitutional claim because it is not repugnant to the conscience of mankind. Because the events described by the Plaintiff do not qualify for Constitutional purposes as cruel and unusual punishment, he does not have a claim. Therefore these claims will be dismissed.

VI.

The Plaintiff alleges that he requested to "have his level moved up," but was refused because of a decision made by the United States Marshals Service. As discussed in the first section of this opinion, this does not state a claim against any of the Defendants.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §1915A.

SO ORDERED on April 29, 2005.

                                                  s/ Theresa L. Springmann  
                                                  THERESA L. SPRINGMANN  
                                                  UNITED STATES DISTRICT COURT